LMH

**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

James A. Chinn,
Plaintiff,
vs.
Joseph Arpaio,
Defendant.

No. CV 05-4191-PHX-DGC (VAM)

**ORDER**

This is a civil rights action brought by a county jail inmate. Plaintiff's original Complaint was dismissed with leave to amend. Now, Plaintiff has filed a First Amended Complaint that cures the deficiency noted in the original Complaint by identifying the constitutional right that was allegedly violated. Plaintiff's allegations regarding the overcrowded and unsanitary conditions adequately state a claim, and the Court will require Defendant Arpaio to answer the Complaint.

**1. Thirteenth Amendment**

Defendant Arpaio, however, will not be required to answer Plaintiff's claim that the Thirteenth Amendment was violated by the conditions. The Thirteenth Amendment prohibits slavery and involuntary servitude, except as a punishment for a person convicted of a crime. See, e.g., Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (*per curiam*) (Thirteenth Amendment not violated by requiring prisoner to work in accordance with prison rules).

TERMPSREF

Plaintiff's allegations regarding jail conditions do not pertain to any type of work requirement and therefore do not implicate the Thirteenth Amendment.

**2. Pretrial detainee or convicted prisoner**

Plaintiff at times refers to the Eighth Amendment and at other times, to the Fourteenth Amendment. A convicted prisoner is protected by the Eighth Amendment's proscription against cruel and unusual punishment. In contrast, a pretrial detainee is protected by the Due Process Clause, which prohibits punishment prior to an adjudication of guilt in accordance with due process of law. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). Plaintiff's status at the time of the events in suit is not clear. Because Plaintiff is proceeding pro se, the complaint must be given a liberal reading. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). Thus, as proceedings continue in this matter, the Court will consider Plaintiff's claims under the appropriate constitutional provision depending upon his status.

**3. Rule 41 cautionary notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED THAT:**

(1) The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint (Dkt. #8), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(2) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on each Defendant within 120 days

of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(4) The United States Marshal shall retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(5) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, First Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6) **A Defendant who agrees to waive service of the Summons and First Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(7) Defendant shall answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(8) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(9) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(10) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(11) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(12) This matter is referred to Magistrate Judge Virginia A. Mathis under Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 30th day of March, 2006.

David G. Campbell
United States District Judge