JWB

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James A. Chinn,              ) | No. CV 05-4191-PHX-DGC (VAM) |
|                    ) | |
| Plaintiff,    ) | **ORDER** |
|                    ) | |
| vs.                ) | |
|                    ) | |
| Joseph Arpaio,           ) | |
|                    ) | |
| Defendant.    ) | |
|                    ) | |

On May 17, 2006, this Court entered an Order to Show Cause requiring Plaintiff to either (1) respond by June 19, 2006 demonstrating why he could not pay the remainder of the filing fee in this action or (2) pay the remaining balance of $214.00 of the filing fee. Plaintiff has done neither. Further pending before the Court is Defendant's Motion to Dismiss (Doc. # 13).

This Court's May 17, 2006 Order informed Plaintiff that failure to respond to the Court's Order to Show Cause would result in the dismissal of his action without prejudice without further notice to Plaintiff. The Court's Order to Show Cause was returned as undeliverable.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does

1 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
2 the burden of keeping the court apprised of any changes in his mailing address." <u>Carey v.</u>
3 <u>King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
4 his new address constitutes failure to prosecute.

5 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
6 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
7 move for dismissal of an action." In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31
8 (1962), the Supreme Court recognized that a federal district court has the inherent power to
9 dismiss a case <u>sua</u> <u>sponte</u> for failure to prosecute, even though the language of Rule 41(b)
10 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
11 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
12 without notice or hearing. <u>Id.</u> at 633.

13 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
14 the Court must weigh the following five factors: "(1) the public's interest in expeditious
15 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
16 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
17 availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v.</u>
18 <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
19 imposition of sanctions in most cases, while the fourth factor cuts against a default or
20 dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
21 <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

22 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
23 to keep the Court informed of his address prevents the case from proceeding in the
24 foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor
25 requires the Court to consider whether a less drastic alternative is available. Without
26 Plaintiff's current address, however, certain alternatives are bound to be futile.

27 The Court finds that only one less drastic sanction is realistically available. Rule
28 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

1  merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,
2  the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint
3  and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
4  Federal Rules of Civil Procedure.

5      IT IS THEREFORE ORDERED that the Complaint and this action are **DISMISSED**
6  without prejudice for failure to respond to the Court's May 17, 2006 Order to Show Cause.

7      IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. # 13) is
8  **DENIED** without prejudice as moot.

9      DATED this 10th day of July, 2006.

*[Signature]*
David G. Campbell
United States District Judge